The Honorable Samuel J. Steiner
Chapter 7
Hearing Date: March 25, 2010
Hearing Time: 9:30 a.m.
Hearing Location: Seattle
Response Date: March 18, 2010

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In re:

POLAR STAR CORPORATION,

Debtor.

Bankruptcy No. 10-11125-SJS

**MOTION FOR AWARD OF FEES AND COSTS INCURRED IN CONNECTION WITH OPPOSING "BAD FAITH" INVOLUNTARY CHAPTER 7 FILING**

I. **NOTICE**

PLEASE TAKE NOTICE that Nissan Motor Acceptance Corporation ("NMAC"), by and through counsel, has requested the Court enter an Order imposing Sanctions in its favor and against Barry Johnson, in the amount of NMAC's attorneys fees and costs incurred in moving to dismiss the Involuntary Chapter 7 Petition in this case (the "Motion"). The Court, pursuant to its Order Granting NMAC's Motion to Dismiss Involuntary Petition, dated February 18, 2010 (Dkt. No. 23) has scheduled the hearing as follows:

THIS MOTION IS SET FOR HEARING as follows:

JUDGE: The Honorable Samuel J. Steiner

PLACE: U.S. Bankruptcy Court
700 Stewart St., Room 8206
Seattle, WA 98101

**MOTION FOR AWARD OF FEES AND COSTS INCURRED IN CONNECTION WITH OPPOSING "BAD FAITH" INVOLUNTARY CHAPTER 7 FILING** - 1
SEA_DOCS:950948.4

GARVEY SCHUBERT BARER
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
eighteenth floor
1191 second avenue
seattle, washington 98101-2939
206 464-3939

| | |
|---|---|
| DATE: | March 25, 2010 |
| TIME: | 9:30 a.m. |

Any party opposing the Motion must serve a **written response on the undersigned by March 18, 2010,** and file the original response with the Clerk of the United States Bankruptcy Court, Room 6301, 700 Stewart Street, Seattle, Washington 98101. **IF NO RESPONSE IS FILED BY THE RESPONSE DATE,** the Court may, in its discretion, grant the Motion prior to the hearing **WITHOUT FURTHER NOTICE.**

## II. MOTION

Nissan Motor Acceptance Corporation ("NMAC"), by and through its counsel of record, Garvey Schubert Barer, respectfully requests that this Court enter an Order against Barry Johnson, individually, awarding NMAC its attorneys fees and costs in responding to and moving to dismiss the Involuntary Chapter 7 Petition (the "Petition") filed by Barry Johnson. The Court, after notice and hearing, found that Barry Johnson had filed the involuntary petition in "bad faith" and set a hearing on NMAC's request for sanctions, for March 25, 2010. NMAC respectfully requests that Barry Johnson be ordered to pay NMAC fees in the amount of **$22,676.18** and costs of **$340.00**, for a total of **$23,016.18**.

In support of its Motion, NMAC relies on the facts and arguments set forth herein, the Second Declaration of Charles C. Robinson ("Second Robinson Decl.") submitted in connection with this Motion, and Motion to Dismiss Involuntary Petition (Dkt. No. 4) and Declaration of Charles C. Robinson in Support thereof ("First Robinson Decl.") (Dkt. No. 5).

## III. DISCUSSION

**A. The "Bad Faith" Filing of the Involuntary Chapter 7 Bankruptcy Case.**

A single creditor, Barry Johnson, filed involuntary Chapter 7 petition at 4:17 p.m. the afternoon before a Trustee's Sale in which Polar Star held only a junior deed of trust against property securing a debt owed to NMAC of over $15 million. Second Robinson Decl. ¶¶ 3-5. Barry Johnson was, apparently until recently, the only officer of Polar Star. Barry Johnson had

**MOTION FOR AWARD OF FEES AND COSTS INCURRED IN CONNECTION WITH OPPOSING "BAD FAITH" INVOLUNTARY CHAPTER 7 FILING** - 2
SEA_DOCS:950948.4

GARVEY SCHUBERT BARER
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
*eighteenth floor*
*1191 second avenue*
*seattle, washington 98101-2939*
*206 464-3939*

previously tried to force NMAC to pay him $150,000 to release the junior lien, even threatening many months ago to "delay NMAC's foreclosure sale by 8 or 9 months." First Robinson Decl. ¶ 8. When his efforts proved fruitless, he filed the involuntary petition against his own company with the sole objective of using the bankruptcy stay to delay the duly scheduled Trustee's Sale, scheduled for the next morning. As a result of Barry Johnson's maneuver and improper invocation of the automatic stay, NMAC was required to turn away potential bidders, delay the Trustee Sale and reluctantly postpone the sale until after it could obtain a hearing to dismiss the involuntary bankruptcy case which had been filed in bad faith and for the sole purpose of attempting to extract money from NMAC in the manner of a "pay-off." First Robinson Decl. ¶ 13.

**B.    The Court's Award of Costs and Fees.**

NMAC requested that the Court dismiss the sham involuntary bankruptcy petition to permit the postponed sale to go forward (Dkt. No. 4). The Court, after a hearing on February 18, 2010, determined that the involuntary case had been filed for an improper purpose and dismissed the Chapter 7 case as having been filed in bad faith. The Court determined that an award of sanctions was appropriate and set a hearing to determine NMAC's request for an award of attorney's fees and expenses incurred by NMAC in connection with the bad faith filing and obtaining its dismissal (Dkt. No. 25). NMAC respectfully submits this Application and supporting documentation pursuant to the Court's order.

**C.    The Court's Authority to Award Costs and Fees.**

It is well-established that the Court has the inherent authority to impose sanctions, including the award of attorney's fees and costs, for bad faith conduct. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991) ("a court may assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons") (citations omitted); *B.K.B. v. Maui Police Department*, 276 F.3d 1091, 1108 (9th Cir. 2002); *F.J. Hanshaw Enterprises, Inc. v. Emerald River Development, Inc.*, 244 F.3d 1128, 1143 (9th Cir. 2001). This authority is

**MOTION FOR AWARD OF FEES AND COSTS INCURRED IN CONNECTION WITH OPPOSING "BAD FAITH" INVOLUNTARY CHAPTER 7 FILING** - 3
SEA_DOCS:950948.4

GARVEY SCHUBERT BARER
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
*eighteenth floor
1191 second avenue
seattle, washington 98101-2939
206 464-3939*

not diminished by other bases for sanction that might also apply. *See Chambers*, 501 U.S. at 50 ("neither is a federal court forbidden to sanction bad-faith conduct by means of the inherent power simply because that conduct could also be sanctioned under the statute or the Rules"). Moreover, the Court's inherent authority is not eroded by separate limitations placed upon other bases for sanction. *See id.* at 47 (lack of a bad faith exception to the American Rule for attorney's fees does not circumscribe the court's inherent power to award attorney's fees as sanction for bad faith conduct). In sum, only Congress can limit the exercise of the Court's inherent authority to impose sanctions for bad faith conduct, and Congress must do so explicitly, since courts will not "lightly assume" such an intention. *Id.*

NMAC moves for sanctions against Barry Johnson in the form of attorney's fees and costs pursuant to this Court's "inherent power to police itself," as described by the Supreme Court in *Chambers*. This includes the authority to award NMAC its fees in connection with Barry Johnson's bad faith involuntary bankruptcy filing. *See Chambers*, 501 U.S. at 45-46. The filing was intended solely to employ the bankruptcy stay for an improper purpose: to thwart NMAC's duly filed and noticed deed of trust Trustee's sale against property in which NMAC held a superior position and in which Polar Star had no equity – nor was there equity in Polar Star's second position deed of trust. Barry Johnson filed the involuntary petition solely to stop the sale so he could try to extract a payment for himself from NMAC. This is just the type of conduct justifying the exercise of the court's inherent powers. *See Chambers*, 501 U.S. at 46 ("if a court finds that fraud has been practiced upon it, or that the very temple of justice has been defiled, it may assess attorney's fees against the responsible party") (citation omitted).

### D. Required Process for the Award of Fees and Costs.

Pursuant to the Court's inherent authority to award fees and costs, the party against whom the award is granted must be afforded due process in the form of notice, an opportunity to be heard, and a finding of bad faith. *F.J. Hanshaw Enterprises*, 244 F.3d at 1143. The Ninth Circuit has yet to decide whether the governing standard of proof for a finding of bad faith is

**MOTION FOR AWARD OF FEES AND COSTS INCURRED IN CONNECTION WITH OPPOSING "BAD FAITH" INVOLUNTARY CHAPTER 7 FILING** - 4
SEA_DOCS:950948.4

GARVEY SCHUBERT BARER
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
*eighteenth floor*
*1191 second avenue*
*seattle, washington 98101-2939*
*206 464-3939*

"preponderance of the evidence" or "clear and convincing evidence." *Id.* at 1143 n.11 (affirming district court finding of bad faith by clear and convincing evidence).

  E. <u>**Amount of Fees and Costs Currently Requested.**</u>

This Application requests allowance of fees earned in the amount of **$22,676.18** and reimbursement of costs incurred in the amount of **$340.00**, for a total of **$23,016.18**, during the time period February 4, 2010 through February 26, 2010, as set forth in detail in Exhibit A attached to the Declaration of Charles Robinson ("Second Robinson Decl.").

    1. <u>Rates of Compensation</u>.

    a. Charles C. Robinson is an owner-attorney at Garvey Schubert Barer. His primary role was senior litigation counsel in connection with protecting the interests of NMAC affected by the filing of the involuntary petition. His hourly rate charged to NMAC is $360.

    b. David Smith is an owner-attorney at Garvey Schubert Barer. His primary role was senior litigation counsel in connection with protecting the interests of NMAC affected by the filing of the involuntary petition. His hourly rate charged to NMAC is $382.50.

    c. Jeffrey Young is an associate attorney at Garvey Schubert Barer. His primary role was as a junior litigation attorney engaged in protecting the interests of NMAC affected by the filing of the involuntary petition. His hourly rate charged to NMAC is $234.00.

These rates are actually below the market in the Seattle area for attorneys with the same skill and expertise. The rates are negotiated rates between Garvey Schubert Barer, providing NMAC a discount over the firm's standard hourly rates charged to other clients.

    2. <u>Expenses</u>.

Garvey Schubert Barer incurred various expenses in connection with its representation of the NMAC in opposing the frivolous involuntary petition. Those expenses are itemized in

**MOTION FOR AWARD OF FEES AND COSTS INCURRED IN CONNECTION WITH OPPOSING "BAD FAITH" INVOLUNTARY CHAPTER 7 FILING** - 5
SEA_DOCS:950948.4

GARVEY SCHUBERT BARER
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
*eighteenth floor*
*1191 second avenue*
*seattle, washington 98101-2939*
*206 464-3939*

1  Exhibit A. Specifically, they are the fees for service of process of discovery subpoenas, and the
2  Court reporter fee for a deposition at which Barry Johnson and his counsel failed to appear.

3       **F.**     **Summary of Services Provided, Result and Benefit to NMAC.**

4       Garvey Schubert Barer represented NMAC to prevent improper use of the bankruptcy
5  process for the purpose of delaying NMAC's scheduled Trustee's sale. Pursuant to the
6  automatic stay provision under the Bankruptcy Code, NMAC was forced to postpone its duly-
7  scheduled foreclosure sale scheduled for February 5, 2010. The filing of the involuntary
8  petition hours before the scheduled sale raised suspicion that the petition did not have a
9  legitimate purpose. In order to provide the Court with a basis for dismissing the petition,
10 attorneys at Garvey Schubert Barer conducted an investigation of the petitioner and debtor,
11 which included reviewing corporate filings and speaking with knowledgeable parties. Once it
12 was determined that the petition was filed in bad faith, Garvey Schubert Barer prepared a
13 Motion to Dismiss the Involuntary Petition, which it filed with the Court on February 8, 2010
14 (Dkt. No. 4), as well as a Motion to Shorten Time for Hearing, also filed on February 8, 2010
15 (Dkt. No. 7). Garvey Schubert Barer also served a subpoena on Barry Johnson to produce
16 documents and appear for a deposition, and on Polar Star to produce documents. Neither the
17 petitioner nor the debtor responded or otherwise participated in NMAC's requested discovery.
18 On February 18, 2010, Charles Robinson participated in a hearing on NMAC's Motion to
19 Dismiss, which the Court granted and awarded fees and costs.

20      WHEREFORE your applicant prays that an interim award of fees be made in the
21 amount of **$22,676.18** and an award of costs in the amount of **$340.00**, for a total amount of
22 **$23,016.18**.

**MOTION FOR AWARD OF FEES AND COSTS INCURRED IN
CONNECTION WITH OPPOSING "BAD FAITH" INVOLUNTARY
CHAPTER 7 FILING** - 6
SEA_DOCS:950948.4

GARVEY SCHUBERT BARER
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
*eighteenth floor
1191 second avenue
seattle, washington 98101-2939
206 464-3939*

Dated this 1st day of March, 2010.

GARVEY SCHUBERT BARER

By /s/Charles C. Robinson
Charles C. Robinson, WSBA #15394

Of Counsel for Nissan Motor Acceptance Corporation

**MOTION FOR AWARD OF FEES AND COSTS INCURRED IN CONNECTION WITH OPPOSING "BAD FAITH" INVOLUNTARY CHAPTER 7 FILING** - 7
SEA_DOCS:950948.4

GARVEY SCHUBERT BARER
A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
*eighteenth floor*
*1191 second avenue*
*seattle, washington 98101-2939*
*206 464-3939*